*1057 OPINION.
Teammell:
The petitioner contends that the respondent erred in disallowing the March 1,1913, value of good will claimed in its return in determining the loss on assets which it sold to the Miller-McCon-nel Grain Co. during 1920. The petitioner also contends that the deduction of $4,500 taken in its return as a commission was properly allowed in the determination of the deficiency.
The respondent denies that any error was committed and contends that the good will had no value on March 1,1913; that whatever good will the petitioner had on that date had not cost anything; that it was not properly a part of the cost of the assets sold, and that as a matter of law the good will could not under the facts in this case have been transferred to the Miller-McConnel Grain Co., since the petitioner continued in business. The respondent also contends that the facts in regard to the deduction of $4,500 paid Schilling by the petitioner as a commission for negotiating and consummating the sale of the petitioner’s assets and business are insufficient to warrant the allowance of the item.
In regard to the deduction of $4,500 taken by the petitioner and which was allowed in the determination of the deficiency involved herein, the respondent by an amendment to his answer filed at the hearing alleges that the allowance of this deduction by him was erroneous. The burden of proving this allegation is upon the respondent and unless it is shown by a preponderance of the evidence that his allowance was erroneous, we would not be justified in chang *1058 ing his previous action. In support of this deduction the petitioner submitted evidence showing that on June 30, 1920, its directors, who were also all of its stockholders authorized the payment of a commission not exceeding $5,000 to Schilling for his services in making the sale; and that $4,500 was actually paid to Schilling for his services in consummating the sale. The respondent introduced no witnesses nor did he develop from the petitioner’s witnesses any evidence to support his allegation that his allowance of the deduction was erroneous. Therefore, we hold that the deduction of $4,500 is allowable.
The petitioner’s other contention relates to the disallowance of the amount of $10,560.60 claimed in its return as representing the value on March 1, 1913, of the good will which it sold to the Miller-McConnel Grain Co.
In support of the contention that its good will had a value of $10,560.60 on March 1, 1913, the petitioner introduced in evidence its balance sheets and a statement of its surplus, profits and dividends as set out in our findings. From a careful consideration of these in connection with the other evidence in the case, we are of the opinion that the petitioner’s good will had a value of $10,000 on March 1, 1913.
On May 19, 1920, the petitioner and H. J. Schilling contracted to sell the petitioner’s lands, buildings, lease, mill, machinery, elevator equipment, office and delivery equipment, together with other property, including its good will, and agreed not to enter into the wholesale or retail feed and seed business in Jackson and Clay Counties, Missouri, and Wyandotte County, Kansas, for a period of two years from the date of the transfer of the above-mentioned property. The evidence shows that the petitioner transferred its physical assets to the purchasers and there is no controversy as to this, but the respondent contends that under the circumstances in this case as a matter of law the petitioner did not transfer its good will.
The respondent’s contention is based upon the conclusion that, as the purchasers were not given the right to use the petitioner’s name and as the petitioner under the contract was prohibited from engaging in the wholesale and retail feed and seed business for only a period of two years, the petitioner retained its good will. We do not agree with the respondent’s contention on either of the points raised.
In Piggly Wiggly Corporation v. Saunders, 1 Fed. (2d) 572, it was contended that Saunders, who had sold his business and certain other assets, including good will, had as a result of such sale conveyed to the vendee corporation the right to the use of his name. There the court said:
While one may, if lie so desire, convey to another the use of his name (Royal Baking Powder Co. v. Royal, 122 Fed. 337, 58 C. C. A. 499; Kidd v. *1059 Johnson, 100 U. S. 617, 25 L. Ed. 769; Donnell v. Herring-Hall-Marvin Safe Co., 208 U. S. 267, 28 Sup. Ct. 288, 52 L. Ed. 481, and authorities cited in these cases; Frazer v. Frazer, etc., Co. 121 Ill. 147, 13 N. E. 639, 2 Am. St. Rep. 73, and authorities cited; Goldwyn Pictures Cor. v. Goldwyn, 296 Fed. 391 U. S. Cir. Ct. App. Sec. Cir., decided Jan. 7, 1924], yet in the absence of an express provision in a contract so showing it would seem one will not be held to have conveyed his name or parted with the right to use it in business, even though he may have sold a business, together with the good will incident thereto.
As to the restraint against the petitioner reentering the feed and hay business, we are convinced that it did not prevent the petitioner from transferring its good will. Unless the contract of sale had contained some reasonable limitation as to the petitioner reentering its former business, there would have been nothing to prevent the petitioner from immediately competing with its vendee. In Piggly Wiggly Corporation v. Saunders, supra, it was said:
Between the two rules mentioned the weight of authority seems to be that, in the absence of an express contract not to re-engage in business, the vendor of a business and the good will thereof is not precluded from again engaging in competitive trade, provided he shall do no wrongful thing or be guilty of no wrongful intentional act to seek to draw from the old business its customers, or shall not engage in such business as that the vending of its wares or merchandise would fall within the rule governing unfair competition. Knoedler v. Glaenzer, supra, and authorities therein cited.
In Counts v. Medley, 163 Mo. App. 546; 146 S. W. 465, the court said;
While the general rule is, that in the absence of an express agreement, the sale of a mercantile business, together with the good will thereof, does not import an agreement by the vendor not again to engage in a competing business, yet where the vendor expressly agrees not to engage in the same business at the same place for a specific time, or so long as the buyer continues in business, the obvious intention is to sell the good will of the business. (Shafer v. Sloan, 3 Cal. App. 335, 85 Pac. 162.)
We have found that the petitioner corporation took one of the purchasers of its assets into its office three months before the transfer of the assets, gave him a desk, familiarized him with the business, introduced him to its customers and during this time permitted him to circularize them with notices and an advertisement announcing the purchase of the business. This same purchaser testified that the restraint placed in the contract of sale was made for two years for the reason that the purchasers thought that'whatever good will of the petitioner they could not retain after two years they would never be able to retain.
In view of the foregoing, we are of the opinion that the petitioner sold and transferred to its vendee its good will which on March 1, 1913, had a value of $10,000.
*1060 The March 1, 1913, value of the assets sold should include this amount representing such good will. Appeal of Henry F. McCreery, 4 B. T. A. 967. If, when this amount is added to the March 1, 1913, value of the assets sold, the amount exceeds the cost of the assets, the deductible loss is the difference between the cost and the selling price. United States v. Flannery, 268 U. S. 98; McCaughn v. Ludington, 268 U. S. 106. The cost of the assets was not in dispute and no issue was raised with respect thereto.
Reviewed by the Board.
Judgment will be entered on 15 days'1 notice, vmder Rule 50.